UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LLEWELLYAN LOUIS O'NEAL,
Petitioner,

v.  Case No. 8:04-cr-218-T-17MAP
 8:06-cv-1076-T-17MAP

UNITED STATES OF AMERICA,
Respondent.

_____

ORDER

This cause is before the Court on Defendant Llewellyan Louis O'Neal's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. (Dkt. cv-1; cr-62) The Government filed a response to the motion to vacate. (Dkt. cv-4) O'Neal filed a reply. (Dkt. cv-10)

PROCEDURAL HISTORY

On November 15, 2004, O'Neal pled guilty, pursuant to a written plea agreement to distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). (Dkt. cr-30) In his plea agreement with the Government, O'Neal agreed to cooperate fully with the Government in regard to the investigation and prosecution of other persons, and additionally, to testify completely and truthfully before any federal court the Government might require. (Dkt. cr-30 at ¶ A.9.) In return, the Government agreed that, if O'Neal were to complete his cooperation before his sentencing, the Government would consider whether the cooperation qualified as "substantial assistance" warranting the filing of a motion at the time of sentencing recommending a downward departure from the applicable guideline

1

range pursuant to USSG §5K1.1, the imposition of a sentence below the statutory minimum, if any at all, pursuant to 18 U.S.C. § 3553(e), or both. Id. Further, the Government agreed that should the cooperation be completed after his sentencing, the Government would still consider whether his cooperation qualified as "substantial assistance" warranting the filing of a motion for a reduction of sentence within one year of the imposition of a sentence pursuant to Fed. R. Crim. P. 35(b). Id. O'Neal indicated his understanding that the Government held complete discretion over whether the filing of any "substantial assistance" motion was appropriate and agreed not to challenge the decision of the Government by direct appeal, collateral attack, or otherwise. Id.

Additionally, O'Neal expressly waived his right to appeal his sentence, directly or collaterally, except in the event of an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of some other law. (Dkt. cr-30 at ¶ B.5.) O'Neal initialed every page of the plea agreement and signed the entire document.

The Government, in return for O'Neal's cooperation, agreed to dismiss Counts Two through Nine and not to oppose O'Neal's request to receive a sentence at the low end of the applicable guideline range in addition to considering whether his cooperation constituted "substantial assistance." (Dkt. cr-30 at ¶ A.4.; ¶ A.7.)

This Court denied O'Neal's oral motion for a downward departure from the applicable guidelines at his sentencing on June 1, 2005, but told him if his cooperation continued he could reasonably expect the Government to file a Rule 35(b) motion. (Dkt. cr-59 at 10) This Court then sentenced O'Neal to 57 months imprisonment, followed by

36 months of supervised release. (Dkts. cr-52. cr-53) O'Neal did not appeal his sentence.

O'Neal filed a motion for reduction of his sentence in August 2005 based on what he claimed was the Government's promise to reduce his sentence based on "substantial assistance" rendered pursuant to Fed. R. Crim. P. 35 and 18 U.S.C. § 3582(c)(1)(B). Based on O'Neal's acknowledgement at the time of his plea that any such motion would be left to the discretion of the Government and the Government's subsequent determination that O'Neal's cooperation did not amount to "substantial assistance" meriting a downward departure, this Court denied any relief. Relief was denied again in March 2006 after O'Neal requested sentence reduction on the same basis. (Dkt. cr-61)

On June 7, 2006, O'Neal filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 claiming ineffective assistance of counsel because his attorney:

1. failed to contact the Government prior to sentencing to obtain a USSG § 5K1.1 motion;

2. failed to notify the Court and ask if the Government had any objection to a sentence below guidelines pursuant to USSG § 5K1.1;

3. failed to request a USSG § 5K1.1 downward departure at sentencing.

The Government filed a response on July 12, 2006. (Dkt. 4)

## DISCUSSION

O'Neal claims ineffective assistance of counsel; however, his real claim is that the Government did not grant him a sentence reduction when it allegedly promised to do so. That claim would have no merit under 28 U.S.C. § 2255 because the Government has complete discretion when filing § 5K1.1 motions. Section 2255 allows a person to claim

3

relief on the grounds that the sentence was imposed in violation of the laws of the United States or the Constitution, jurisdiction was improper, the sentence was over the maximum allowed by law, or the sentence was otherwise subject to collateral attack. Hill v. United States, 368 U.S. 424, 426 (1962). When an error is neither jurisdictional nor constitutional, under § 2255, it must be "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure" to be a cognizable claim under § 2255. Id. at 428.

In the plea agreement, the Government explained that it was its prerogative to file a USSG § 5K1.1 motion or not to do so[1]. (Dkt. cr-30) The written plea agreement also never promised a sentence reduction by the Government or by the Court, but only promised that the Government would "consider" whether O'Neal's cooperation warranted a § 5K1.1 on the grounds of "substantial assistance." (Dkt. 30 ¶ A.9.) O'Neal is not entitled to 28 U.S.C. § 2255 review or remedy based on an unconstitutional or discriminatory claim, such as race or religion, which would grant a district court power to review the refusal to file a § 2255 motion to vacate. See Wade v. United States, 504 U.S. 181, 184-85 (1992).

Additionally, O'Neal knowingly and voluntarily waived his right to appeal on the issue of the Government's substantial assistance decision. United States v. Cockeram, 237 F.3d, 1179, 1182 (10th Cir. 2001), validates enforceability of such knowing and voluntary waiver of collateral attack, even in the area of ineffective assistance of counsel. The right to appeal on the basis of ineffective assistance of counsel may be waived as

---

[1] Likewise, the Government explained that it is also not required to file a Rule 35(b) motion to the extent that O'Neal alleges that he is entitled to one.

4

long as the claim is not related to the validity of the plea or waiver. <u>Mason v. United States</u>, 211 F.3d 1065, 1069.

In the portion of his plea agreement waiving the right to appeal his sentence, (Dkt. 30 at 12 ¶ B.5), not only did O'Neal agree not to challenge the Government's decision on whether or not he qualified for a downward departure, but he also waived the right to appeal his sentence on several other grounds. Among those, O'Neal waived the right to appeal his sentence, directly or collaterally, "on the ground that the sentencing guidelines are in any respect unconstitutional" and "on any other ground." (Dkt. 30 at 12 ¶ B.5.) Since the sentence was within the statutory guidelines and violated no other law, O'Neal waived his right to appeal in the written appeal agreement even though the statutory section was not expressly named.

Even assuming that, because § 2255 motions were not expressly enumerated in the waiver, the right to appeal on the basis of ineffective assistance of counsel was not waived, and taking O'Neal's ineffective assistance of counsel claim at face value, he is not entitled to relief. Based on the two-prong test laid out in <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984), in order to judge whether counsel's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result," a defendant must show both that (1) counsel's performance was deficient, and (2) that the defendant was prejudiced by the deficient performance. If one prong is not satisfied, then the judgment cannot be set aside. <u>Id.</u> at 691.

Here, it is unnecessary to consider whether counsel's behavior fell outside the wide range of professionally reasonable behavior, though it is highly doubtful that it

does, because O'Neal has not shown prejudice. The Government had the discretion to choose whether or not O'Neal's cooperation warranted the filing of a USSG § 5K1.1 motion and decided the cooperation did not. The Government was under no obligation to file a § 5K1.1 motion or, later after sentencing, a Rule 35(b) motion, Wade, 504 U.S. at 185, and decided O'Neal's cooperation prior to sentencing did not warrant a § 5K1.1 motion. That decision was unchallengeable by both O'Neal and his defense counsel. Further, Counsel moved under USSG § 5K2.0 for a downward departure that the Court would have been able to grant absent a motion from the Government. (Dkt. cr-59 at 4-5) The Court denied that motion based on O'Neal's failure to meet the standard under § 5K2.0, but noted that his claim was really a § 5K1.1 motion over which the Government, not the Court, had exclusive control. (Dkt. cr-59 at 11) Therefore, counsel's failure to ask for the § 5K1.1 motion prior to and during sentencing had no prejudicial effect. Without that prejudicial effect O'Neal has not made a sufficient showing to merit relief based on ineffective assistance of counsel.

Further, no evidentiary hearing is warranted. To be entitled to an evidentiary hearing, O'Neal would have to make allegations that, if true and proved, would entitle him to collateral relief. See Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002). O'Neal has not met this standard. Accordingly, it is

**ORDERED** that O'Neal's motion to vacate (Dkt. cv-1; cr-62) be **DENIED** with prejudice. The Clerk is directed to enter judgment against O'Neal in the civil case and to close that case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

6

**IT IS FURTHER ORDERED** that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate his sentence has no absolute right to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1)(B). Before a prisoner has a right to appeal, a district court must issue a certificate of appealability (COA). Id. "A [COA] may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). If a reasonable jurist would find the district court's ruling on the constitutional claims debatable or wrong, then a substantial showing has been made that a constitutional right has been denied and a COA should be issued. Slack v. McDaniel, 529 U.S. 473, 478 (2000). Another way to secure a COA is to demonstrate that issues presented were sufficient to warrant encouragement to proceed. Miller-El v. Cockerell, 537 U.S. 322, 327 (2003). Defendant has not made the requisite showing under these circumstances.

Finally, because Defendant is not entitled to a COA, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** in Chambers at Tampa, Florida this 10th day of July 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record